JESSIE W. FARNELL *vs.* FREDERIC J. FARNELL.

MAY 10, 1938.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CONDON, J. This is a petition for divorce from bed and board brought by Jessie W. Farnell against the respondent on the grounds of neglect to provide and gross misbehavior. At the conclusion of the petitioner's evidence in the superior court, the respondent moved that the petition be denied and dismissed for lack of legal evidence to sustain a decree on either of the alleged grounds. Thereupon, the petitioner moved to amend her petition by adding the further ground of desertion.

The petitioner's motion was denied by the trial justice. She then requested permission to reopen her case and offer further testimony in support of the ground of gross misbehavior and this permission was granted. When this testimony was concluded, the trial justice, after extended argument of counsel, granted respondent's motion to dismiss the petition.

The petitioner excepted to these rulings and has brought to this court her bill of exceptions, setting out these and other

exceptions taken during the hearing, but only the above exceptions have been argued and briefed here, consequently the others are deemed to be waived.

It is agreed that the exceptions raise the following questions: (1) Did the trial justice err in refusing the petitioner permission to amend her petition by adding an additional ground for divorce? (2) Did the trial justice clearly err in dismissing the petition for lack of evidence in proof of either of the grounds alleged therein?

Counsel for the petitioner admit that the motion to amend is addressed to the discretion of the trial justice and that no exception lies to the granting or refusal thereof—*Hebert* v. *Handy*, 28 R. I. 317—but, they argue that, in a divorce proceeding under such circumstances as is presented by the instant case, it is an abuse of discretion to deny the petitioner's motion. In support of their contention they cite *Walker* v. *Walker*, 38 R. I. 362, and urge that the action which this court took in that case is applicable here.

We cannot agree with this argument. In the *Walker* case, the petition charged adultery, extreme cruelty and gross misbehavior as petitioner's grounds for divorce, but did not specify the acts relied on to make out the third charge. The superior court denied the petition for lack of proof of adultery or extreme cruelty and disregarded the charge of gross misbehavior. On appeal, this court refused to disturb the decision of the superior court.

The petitioner then moved for reargument in this court on the ground that: "The evidence in the case shows clearly that the respondent has been guilty of gross misbehavior and wickedness repugnant to the marriage covenant and such as entitled her to live separately and apart from the respondent." This court, following *Brown* v. *Brown*, 2 R. I. 381, refused to consider this ground, because the petitioner did not specify in her petition the acts relied on to make out the charge of gross misbehavior. Thereupon, petitioner moved to amend her petition, *not to add an entirely new*

*ground,* but to add certain definite specifications of the ground of gross misbehavior alleged in the petition, concerning which ground evidence had already been admitted at the hearing in the superior court. This court granted the motion and also, upon the amended petition, ordered the superior court to enter its decree granting the divorce on the specifications of gross misbehavior as set out in the petition as amended.

It will be seen from the above brief digest of the *Walker* case, *supra,* that the situation presented to the court in that case was quite different from that in the instant case. Here the petitioner is asking permission to add an entirely new ground concerning which the respondent did not and could not have received any notice by the service of petitioner's petition upon him. Under such circumstances, we are of the opinion that the trial justice did not abuse his discretion in denying petitioner's motion to amend. Petitioner's exception to said denial is accordingly overruled.

The second question raised by petitioner's exception to the decision of the trial justice denying the petition for lack of proof of either neglect to provide or gross misbehavior must also be answered adversely to the petitioner. From our examination of the transcript, we cannot say that the trial justice was clearly wrong in deciding that the petitioner had failed to prove either charge which she had made against the respondent. As to the charge of neglect to provide, it seems to us that there was substantially no evidence in proof thereof presented by the petitioner, and we need not be concerned with it further.

It is the evidence in support of the charge of gross misbehavior which counsel for the petitioner has relied on most strongly in their brief and argument in this court to show that the decision of the trial justice was clearly erroneous. We have given careful consideration to the cases which they have cited as lending support to their position, and to their analysis of the evidence tending to show that this respondent

442

was actually guilty of conduct such as to bring him within the purview of the statutory ground of gross misbehavior and wickedness, as that ground has been interpreted by our cases.

Without reciting the evidence in detail or pointing out salient portions of it, which unquestionably show a callous disregard by the respondent of the feelings of his wife and a flouting of the generally accepted conventions of marital life, we find a lack of proof of licentious conduct allied or akin to adultery, or brutality allied or akin to extreme cruelty, to which causes of divorce this court has said the ground of gross misbehavior and wickedness is related. *Stevens* v. *Stevens*, 8 R. I. 557.

All of the petitioner's exceptions are overruled, and the case is remitted to the superior court for further proceedings.

*Cooney & Cooney*, for petitioner.

*Rosenfeld & Murphy*, for respondent.